**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANDREA CALVIN BLAKE, | : |
| Petitioner, | : Civil No. 08-759 (NLH) |
| v. | : |
| WARDEN, FCI FORT DIX, | : **OPINION** |
| Respondent. | : |

**APPEARANCES:**

    ANDREA CALVIN BLAKE, Petitioner <u>pro</u> <u>se</u>
    #36320-037
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08320

    CHRISTOPHER J. CHRISTIE, United States Attorney
    SANDRA L. MOSER, Assistant U.S. Attorney
    970 Broad Street, Suite 700
    Newark, New Jersey  07102
    Attorneys for Respondent

**HILLMAN, District Judge**

    Petitioner, Andrea Calvin Blake ("Blake"), a federal prisoner confined at F.C.I. Fort Dix in Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Blake names the Warden at FCI Fort Dix as the party respondent in this action.

    On March 27, 2008, respondent submitted an answer to the petition.  Blake filed a reply or traverse on May 2, 2008 and May

9, 2008.  This Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will dismiss the petition for lack of jurisdiction.

## I.   BACKGROUND

The following facts are taken from the petition and responsive brief.  On March 7, 2001, Blake was convicted by jury trial in the United States District Court for the District of Maryland, on one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base ("crack") in violation of 21 U.S.C. § 846.  On June 8, 2001, Blake was sentenced to a prison term of 151 months with five years supervised release.  He was sentenced to a prison term of 151 months with 36 months supervised release.

Blake filed a direct appeal from his conviction and sentence, arguing that (1) pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the issue of drug quantity should have been presented to the jury and proved beyond a reasonable doubt; (2) the trial court erred in having multiple conspiracy instructions presented to the jury; and (3) the obstruction of justice enhancement violated his constitutional rights.  The United States Court of Appeals for the Fourth Circuit affirmed Blake's conviction and sentence on or about October 21, 2002.  (Petition at ¶¶ 2, 4-7, 9).

Blake also filed a pro se motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.  He raised only one ground in his motion, namely, that the Government failed to disclose discovery.  On July 8, 2004, the Honorable Alexander Williams, J., U.S.D.J. issued an Order denying the § 2255 motion.  It does not appear that Blake appealed Judge Williams' decision.  Instead, Blake apparently sought leave from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion.  However, on August 25, 2004, the Fourth Circuit denied Blake's motion to file a second, successive § 2255 motion.

Blake now brings this § 2241 habeas petition in an effort to invalidate his conviction and sentence.  He claims that he was denied his Miranda rights at the time of his initial arrest, and consequently, his conviction is illegal and should be dismissed.  He also contends that the four levels of enhancement beyond the jury findings should be reversed.  In particular, Blake argues that Judge Williams' use of a guideline calculation incorporating upward adjustments for both obstruction of justice and possession of a dangerous weapon was unreasonable.  Finally, Blake argues that his presentence report was defective in misstating facts concerning the type and amount of drug quantity in his offense, in violation of Federal Rule of Criminal procedure 32.  United

States v. Booker, 543 U.S. 220 (2005)(jury finding required for enhanced provisions under the Federal Sentencing Guidelines).

The respondent counters that this § 2241 habeas petition is improper, as a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for Blake to challenge his conviction and sentence.  Moreover, because this is a second and successive § 2255 motion, the petition should be dismissed for lack of jurisdiction.

## II.  ANALYSIS

### A.  Standard of Review

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Blake is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

### B.  Petitioner's Claims

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in

>     custody in violation of the Constitution or
>     laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

>     A prisoner in custody under sentence of a
>     court established by Act of Congress claiming
>     the right to be released upon the ground that
>     the sentence was imposed in violation of the
>     Constitution or laws of the United States, or
>     that the court was without jurisdiction to
>     impose such sentence, or that the sentence
>     was in excess of the maximum authorized by
>     law, or is otherwise subject to collateral
>     attack, may move the court which imposed the
>     sentence to vacate, set aside or correct the
>     sentence.

28 U.S.C. § 2255, ¶ 1.

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d

at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, respondent argues that Blake has not made any showing that he is entitled to relief under § 2241 based on the narrow exception that § 2255 is "inadequate or ineffective." See Dorsainvil, supra. At most, Blake merely shows that he is unable to meet the stringent gatekeeping requirements of § 2255 because he cannot now file a second or successive § 2255 motion raising his Miranda claim and his challenges to the upward adjustments that could have been raised on direct appeal or his first § 2255 motion. Thus, Blake cannot demonstrate that he had no earlier opportunity to raise these claims; nor does he show that he is innocent of the crime for which he was convicted or is being

punished for an act that has been decriminalized.  See Dorsainvil, 119 F.3d at 248-52.[3]

Moreover, even if this Court were to construe Blake's petition as asserting a claim of "actual innocence" so as to fit the Dorsainvil exception, Blake does not argue that he is actually innocent of the substantive charges for which he was convicted.  Instead, his claims are simply claims of innocence based on alleged legal, procedural defects.[4]  A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  A claim

---

[3] In Dorsainvil, the Third Circuit held that, in order for a petitioner to claim § 2255 is "inadequate or ineffective," he must show (1) that he is innocent of the crime for which he was convicted and is being punished for an act that the law does not make criminal, pursuant to a previously unavailable statutory interpretation by the Supreme Court that changed the substantive law and which applies retroactively; (2) that he had no earlier opportunity to raise the claim; and (3) that he cannot raise the claim under § 2255.  Dorsainvil, 119 F.3d at 248-52.

[4] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McClesky v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing, and (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. House v. Bell, __ U.S. __, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Further, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case. House, 126 S.Ct. at 2077 (citing Schlup, 513 U.S. at 327).

As stated above, Blake simply does not meet this stringent standard.  Thus, Blake has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  He cites no intervening change in the law that renders non-criminal the crimes for which he was convicted.  He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  There are no arguable claims of actual innocence and Blake alleges no exceptional circumstances that would overcome the gatekeeping requirements set forth in § 2255. Therefore, this Petition must be considered a second or successive motion under § 2255, for which Blake has not received

authorization to file, and over which this Court lacks jurisdiction.[5]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because the record indicates that the United States Court of Appeals for the Fourth Circuit already has denied Blake leave to file a successive § 2255 motion, and because Blake fails to allege any of the predicate grounds permitting a second or successive § 2255 motion, this Court finds that it would not be in the interests of justice to transfer this petition to the United States Court of Appeals for the Fourth Circuit. Accordingly, this petition must be dismissed.

---

[5] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Blake an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Blake in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

III. <u>CONCLUSION</u>

For the reasons set forth above, the petition will be dismissed with prejudice for lack of jurisdiction. An appropriate order follows.

<u>s/Noel L. Hillman</u>
NOEL L. HILLMAN
United States District Judge

Dated: May 19, 2008

At Camden, New Jersey